IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| THE KANSAS LIVESTOCK ASSOCIATION d/b/a KANSAS BEEF COUNCIL,<br><br>Plaintiff,<br><br>v.<br><br>DAVID E. PFRANG, JAMES DOBBINS and KANSAS BEEF COUNCIL, INC.,<br><br>Defendants. | Civil Case No. |

**COMPLAINT**

For its Complaint, The Kansas Livestock Association d/b/a Kansas Beef Council, alleges and states as follows:

**PARTIES**

1. Plaintiff, The Kansas Livestock Association d/b/a Kansas Beef Council ("KLA"), is a Kansas corporation with registered offices at 6031 SW 37th Street, Topeka, Kansas 66614, and with its principal place of business in the State of Kansas.

2. Defendant David E. Pfrang ("Pfrang") is an individual with a mailing address of 1562 State Highway 9, Goff, Kansas 66428. He can be served with process at that address.

Case 2:13-cv-02587-JTM-JPO   Document 1   Filed 11/12/13   Page 2 of 7

United States District Court for the District of Kansas
The Kansas Livestock Association –vs- Pfrang, et.al.
Complaint
P a g e | **2**

3.  Defendant James Dobbins ("Dobbins") is an individual with a mailing address of 1473 State Highway 9, Goff, Kansas 66428. He can be served with process at that address.

4.  Kansas Beef Council, Inc. is a Kansas corporation, and it has appointed Pfrang, 1562 State Highway 9, Goff, Kansas 66428 as its registered agent for service of process.

## JURISDICTION AND VENUE

5.  Plaintiff brings this claim arising under the laws of the United States, specifically section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a), and federal question jurisdiction exists under 28 U.S.C. § 1331.

6.  Pursuant to 28 U.S.C.A. § 1391, venue is proper in the United States District Court, District of Kansas, because Defendants reside in Kansas.

7.  Pursuant to KS R USDCT Rule 40.2 Plaintiff respectfully requests the trial of this matter be held in the United States District Court located in Kansas City, Kansas.

## GENERAL ALLEGATIONS

8.  The Kansas Livestock Association, Inc. (hereinafter "KLA") was formed in 1894 and is a trade association representing approximately 5,200 members involved in various aspects of the livestock industry. The Kansas Beef Council (hereinafter "the Mark") is a division of KLA.

9.  The Mark was first used in 1973 by KLA to administer a voluntary beef checkoff program. The Mark was subsequently used for the purpose of collecting and administering beef checkoff assessments according to the Beef Promotion and Research Act of 1985 (7 U.S.C. § 2901, *et. seq.*).

Case 2:13-cv-02587-JTM-JPO   Document 1   Filed 11/12/13   Page 3 of 7

United States District Court for the District of Kansas
The Kansas Livestock Association –vs- Pfrang, et.al.
Complaint
P a g e | 3

10. The Kansas Beef Council is certified by the Cattlemen's Beef Promotion and Research Board under the Beef Promotion and Research Act of 1985 as Kansas' qualified state beef council. See 7 C.F.R. § 1260.315.

11. As a result, KLA is the owner of the intellectual property rights associated with the name "Kansas Beef Council."

12. Due to KLA's advertising, promotion, and use of the Mark, it has developed substantial goodwill over the years and has come to be associated as an established, respected and successful resource for the promotion of beef.

13. KLA has used the Mark since at least 1973 and continuously since that date. During that period, the Mark has been consistently and repeatedly used by the KLA in various media for the purpose of beef promotion.

14. Although the Mark is not currently registered, it is a registerable service mark. Plaintiff controls the use of and the nature and quality of the services associated with the Mark. The Mark's logo, a Kansas Beef Council with bold check mark and steer head, was registered as a service mark in the state of Kansas in 1999 and it continues to be registered with the State of Kansas. The Mark's logo has been used since at least 1986.

15. Upon information and belief, Defendants registered the Mark, Kansas Beef Council, as a not-for-profit corporation on or about November 17, 2011, for the purpose of collecting and distributing legislated beef check-off money, which is an identical purpose for which the Mark is used by Plaintiff. Defendants' use of the Mark as alleged is inconsistent with Plaintiff's exclusive rights in and to the Mark and its use.

United States District Court for the District of Kansas
The Kansas Livestock Association –vs- Pfrang, et.al.
Complaint
P a g e | **4**

16. Defendants are prohibited by the Beef Promotion and Research Act of 1985 from collecting and distributing beef checkoff money because Defendants are not a qualified state beef council, as required by statute in order to collect and distribute beef checkoff money.

## COUNT I
## LANHAM ACT VIOLATIONS

17. Plaintiff restates and incorporates Paragraphs 1 through 16 of the Complaint.

18. As of at least November 17, 2011, Defendants have wrongfully and improperly used the Mark in commerce. Such use is a false description of origin and false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive others that Defendants' services are affiliated with or connected with, or sponsored or approved by Plaintiff and that Defendants' are qualified to collect and distribute legislated beef checkoff money pursuant to 7 U.S.C.A. § 2904.

19. Defendants have wrongfully used the Mark in connection with its services, representing to the State of Kansas that the purpose of its corporation is to collect and distribute legislated beef checkoff money, which it is prohibited from doing pursuant to 7 U.S.C.A. § 2904 because it is not a qualified state beef council.

20. Use of the Mark was wrongful, deliberate, willful and done with full knowledge that such designations of origin, descriptions, and representations were false, all to the detriment of Plaintiff and consumers.

21. Defendants' actions violate section 43(a) of the Lanham Act, 15 USCA § 1125(a).

Case 2:13-cv-02587-JTM-JPO   Document 1   Filed 11/12/13   Page 5 of 7

United States District Court for the District of Kansas
The Kansas Livestock Association –vs- Pfrang, et.al.
Complaint
P a g e | **5**

## COUNT II
## UNFAIR COMPETITION

22. Plaintiff restates and incorporates Paragraphs 1 through 21 of the Complaint.

23. As alleged above, Defendants' wrongful actions, unauthorized use and infringement of Plaintiff's service mark are likely to cause confusion among consumers and the general public.

24. Defendants' wrongful actions and unauthorized use and infringement of the Mark misappropriate the Mark's goodwill, allow Defendants the benefit of such goodwill to the exclusion and detriment of Plaintiff, unjustly enrich Defendants and constitute actionable unfair competition.

## COUNT III
## STATE LAW TRADEMARK DILUTION

25. Plaintiff restates and incorporates Paragraphs 1 through 24 of the Complaint.

26. Kansas Beef Council is a "service mark," and "mark" as defined by K.S.A. § 81-202(b) and (c).

27. The Mark is distinctive and famous in the State of Kansas, as defined by K.S.A. § 81-214(a).

28. Through their intentional actions and unauthorized use and infringement of the Mark, Defendants have diluted the Mark by lessening the capacity of the Mark to identify and distinguish goods and services. Defendants' wrongful actions and use constitute violations of K.S.A. 81-201, *et seq.*, and in particular K.S.A. § 81-214.

**WHEREFORE**, for the foregoing reasons, Plaintiff requests the following relief:

United States District Court for the District of Kansas
The Kansas Livestock Association –vs- Pfrang, et.al.
Complaint
P a g e | **6**

a. Entry of an Order granting preliminary and permanent injunctive relief enjoining and restraining Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them during the pendency of this action and permanently thereafter: (i) from using the Mark or any mark confusingly similar thereto for the purpose of collecting and administering beef checkoff assessments or for the promotion of beef; (ii) from using any trademark or service mark which may be calculated to falsely represent, or which has the effect of falsely representing that the goods and services of Defendants are sponsored by, authorized by, or are in any way associated with Plaintiff or the Mark; (iii) from in any way infringing upon Plaintiff's trademark and service mark; (iv) from representing Defendants as being connected with Plaintiff or sponsored by or associated with Plaintiff, or engaging in any act which is likely to cause others to believe that Defendants are associated with Plaintiff or that Plaintiff is associated with Defendants; and (v) from using any reproduction, counterfeit, copy or colorable imitation of the Mark in connection with promoting, selling or advertising any goods or services provided by Defendants.

b. In conjunction with the requested injunctive relief, directing Defendants to file in writing with the Court and serve on Plaintiff within 30 days a report describing in specific detail the manner and form in which Defendants have complied with the injunction as provided for in 15 U.S.C. § 1116(a).

c. Judgment in favor of Plaintiff and against Defendants for the costs of this action and Plaintiff's reasonable attorneys' fees.

United States District Court for the District of Kansas
The Kansas Livestock Association –vs- Pfrang, et.al.
Complaint
P a g e | **7**

      d.  All other and further relief as the Court may deem just and proper under the circumstances.

      <u>/s/ Myndee M. Reed</u>
Myndee M. Reed, Sup. Ct. No. 20365
THE KANSAS LIVESTOCK ASSOCIATION
6031 SW 37th St.
Topeka, KS 66614-5129
Telephone: (785)273-5115
Facsimile: (785)273-3399
myndee@kla.org